507 P.2d 444

Richard G. KASSEL and G. Leone Kassel,
Plaintiffs-Appellees,

v.

William A. ANDERSON and Judith C.
Anderson, Defendants-Appellants.

No. 1019.

Court of Appeals of New Mexico.

Feb. 16, 1973.

Robert C. Resta, David R. Gallagher, Gallagher & Ruud, Albuquerque, for defendants-appellants.

L. Lamar Parrish, Ussery, Burciaga & Parrish, Albuquerque, for plaintiffs-appellees.

## OPINION

WOOD, Chief Judge.

The appeal concerns unlawful detainer. Sections 36–12–1 through 36–12–4, N.M.S. A. 1953 (2nd Repl.Vol. 6). The issues concern: (1) summary judgment and (2) refusal to consolidate the unlawful detainer action with another cause.

*Summary judgment.*

■ The action for unlawful detainer is purely statutory and is restricted in its operation to the situations specified in the statute. Henderson v. Gibbany, 76 N.M. 674, 417 P.2d 807 (1966). The relief available is possession of the premises and damages. Section 36–12–3, supra. Damages in this statutory action are measured in terms of rent, due or accrued. Section 36–12–4, supra.

Plaintiffs alleged they were owners of and entitled to possession of certain real estate; that defendants were in possession of the real estate by virtue of a lease which had expired; that defendants were holding over after expiration of the lease. The issue raised by the complaint was whether defendants were holding over after termination of the lease. Section 36–12–1(A)(2), supra.

In support of their motion for summary judgment, plaintiffs relied on a series of leases between the parties. The last lease was for a one year term ending October 31, 1970, but with an option in the defendants to lease the premises for an additional twelve month period. Plaintiffs' notice to defendants to vacate the premises took the option period into account; the notice asked that defendants vacate the premises by November 1, 1971. Defendants did not do so.

In each of the leases, the defendants covenanted with plaintiffs "* * * to use and occupy the said premises for the purpose of operating a retail store for the sale of Dairy Queen and Brazier products under license from Lessor and for no other purpose without first obtaining the written consent of Lessor. * * *" In each of the leases, as part of the recited consideration, defendants agreed to enter a "store agreement" with plaintiffs and the "store agreement" was expressly made a part of the lease.

The successive "store agreements" granted defendants "an exclusive right and license" to use the "'Dairy Queen'" and "'the brazier'" names, trademarks, equipment, supplies, and merchandising methods. This license applied to a specific territory; this territory was the premises covered in the lease.

■ The license granted in the store agreements has a stated term which, under plaintiffs' showing, coincided with the terms stated in the leases. Under this showing, the license in the store agreements expired at the time stated in the lease agreements. Thus, considering both the leases and the store agreements, there was a prima facie showing of a holding over beyond the terms of the lease which would support summary judgment. See Goodman v. Brock, 83 N.M. 789, 498 P.2d 676 (1972).

We consider the contentions of defendants as to why the summary judgment was improper.

The amended answer asserted various affirmative defenses. Defendants assert: "* * * the refusal of the trial court to permit the defenses set out in the tenant's amended answer which obviously raised all kinds of factual issues, was error. * * *" The argument in support of this contention is directed to what issues may be raised and litigated in defense of a claim of unlawful detainer. See § 36–12–2(C), supra. It is suggested that if a defendant in an unlawful detainer case may not litigate all defensive matters in that case, the procedure violates due process.

Once plaintiffs made a prima facie showing entitling it to summary judgment, defendants had the burden of showing there were genuine factual issues and that plaintiffs were not entitled to summary judgment as a matter of law. Goodman v.

Brock, supra. The fact that affirmative defenses have been pleaded is no more than a bare contention that factual issues exist concerning those defenses. Such a bare contention is insufficient to defeat the motion for summary judgment. Southern Union Gas Co. v. Briner Rust Proofing Co., 65 N.M. 32, 331 P.2d 531 (1958). The amended answer is not verified. The affirmative defenses are no more than unsworn statements. Failure of the trial court to consider these unsworn statements was not error. Martin v. Board of Education of City of Albuquerque, 79 N.M. 636, 447 P.2d 516 (1968).

Because the trial court could properly decline to consider the unsworn affirmative defenses in the amended answer, we need not and do not consider what limitations there may be on defenses in an unlawful detainer action or whether any such limitation violates due process. On the due process issue, see Lindsey v. Normet, 405 U.S. 56, 92 S.Ct. 862, 31 L.Ed.2d 36 (1972).

■ Defendants filed an affidavit opposing the motion for summary judgment. In that affidavit it is asserted that plaintiffs led defendants to believe that the leases would be renewed in accordance with the terms of the "franchise agreement" [store agreement], and induced defendants to rely on plaintiffs' words and conduct. Assuming, but not deciding, that such a defense is permissible, the affidavit is factually deficient. The statements in the defense affidavit concerning plaintiffs' alleged representations identify those representations as being made " * * * for the years preceeding [sic] the final lease. * * *" "* * * Plaintiffs then refused to do what they said they would do at the inception of the franchise agreement." The last lease between the parties expressly states that all agreements and understandings between the parties have been incorporated and merged in the lease. "* * * No prior agreement or understanding, verbal or otherwise, of the parties * * * shall be valid or enforceable

unless embodied in this Lease." The defense affidavit does not controvert this lease provision and does not assert that representations were made by plaintiffs in connection with entering this last lease. Compare Sanchez v. Shop Rite Foods, 82 N.M. 369, 482 P.2d 72 (Ct.App.1971).

■ The defense affidavit also relies on the relation of the lease to the store agreement. We have previously pointed out that the leases expressly referred to the store agreements. Although plaintiffs' showing is that the last lease and last store agreement are for identical terms, there is a discrepancy between the showing of plaintiffs and the showing of defendants as to extending the terms of the store agreement. The printed form of the store agreement provides for an automatic extension of that agreement for an additional term of five years unless affirmative action was taken by defendants. Both parties presented executed copies of this agreement. Defendants' copy shows the five year extension in the printed form without change. Plaintiffs' copy shows the five year extension provision as changed to a one year provision. Which copy is the correct one is a question of fact.

The showing by defendants is that the lease and store agreement are part of the same transaction; there is a fair inference that they were executed at the same time. They must be construed together. Harp v. Gourley, 68 N.M. 162, 359 P.2d 942 (1961). If in fact the store agreement was automatically extended five years from October 31, 1970, and this agreement licensed defendants to handle Dairy Queen and Brazier products at the location named in the lease for that period of time, since the store agreement is incorporated as a part of the lease, what was the intent of the parties in connection with the duration of the lease? "Real estate leases, like any other written contracts, must be interpreted as a whole to effectuate the intention of the parties, with meaning and significance given to each part in context of the entire agreement. * * *" Waxler v. Humble

Oil & Refining Company, 82 N.M. 8, 474 P.2d 494 (1970).

There is a factual issue as to the term the store agreement was automatically extended. Depending on a resolution of that issue, there may be another factual issue as to the intent of the parties concerning the length of time defendants could operate under the store agreement at the lease location. Accordingly, summary judgment was improper. With this result, we need not consider defendants' contentions directed to the damages (rent) awarded plaintiffs in the summary judgment.

*Refusal to consolidate.*

The record at the summary judgment hearing indicates that defendants had moved to consolidate the unlawful detainer action with a separate action filed by defendants against plaintiffs. The record does not show the motion itself, but does show the order denying the motion to consolidate. Defendants contend there were common questions of law and fact in the two cases, and assert the parties and all basic issues are the same. See § 21–1–1(42)(a), N.M.S.A.1953 (Repl.Vol. 4).

At the summary judgment hearing in this case, the other lawsuit was identified by case number and the trial court indicated that the issues in the other lawsuit would dispose of "additional issues" in this case. However, there is nothing in the record to show what was presented to the trial court at the hearing on the motion to consolidate; nothing to show whether there were common questions of law and fact. Section 21–1–1(42)(a), supra, states that the court "may order a joint hearing or trial." Thus, consolidation is within the discretion of the court. See Whiteman v. Pitrie, 220 F.2d 914 (5th Cir. 1955).

Our review is limited to the record. Section 21–2–1(17)(1), N.M.S.A. 1953 (Repl.Vol. 4). There being nothing in the record to show the applicability of the rule concerning consolidation and, even if applicable, nothing showing the trial

court erred in denying the motion to consolidate, no issue is presented for review.

It is plaintiffs, not defendants, who attempt to supplement the record. They have attached to their answer brief, as an exhibit, what they assert to be a copy of defendants' complaint in the other lawsuit. " * * * To attempt to supply what is missing by attaching exhibits to the briefs is not permitted by the rules, and accordingly, we will not consider the same." (Citation omitted). Porter v. Robert Porter & Sons, Inc., 68 N.M. 97, 359 P.2d 134 (1961). See Richardson Ford Sales v. Cummins, 74 N.M. 271, 393 P.2d 11 (1964).

The summary judgment is reversed because improperly granted. The cause is remanded for further proceedings consistent with this opinion.

It is so ordered.

HERNANDEZ and LOPEZ, JJ., concur.