583 P.2d 470

**FIDELITY NATIONAL BANK, a New Mexico Corporation, Plaintiff-Appellee,**

v.

**TOMMY L. GOFF, INC., a New Mexico Corporation, Tommy L. Goff, Janey Rue Goff, Defendants,**

v.

**Robert W. BAKER, Defendant-Appellant.**

No. 11803.

Supreme Court of New Mexico.

Sept. 14, 1978.

Lamb, Metzgar & Lines, John S. Campbell, Albuquerque, for appellant.

Threet, Threet, Glass & King, Martin E. Threet, Rolf A. Melkus, Albuquerque, for appellee.

## OPINION

FEDERICI, Justice.

Plaintiff Fidelity National Bank (appellee) brought this action against Tommy L. Goff, Inc. to recover money allegedly due

under promissory notes executed in favor of appellee by the corporation. The action was also brought against Tommy L. Goff, individually, Janey Rue Goff and appellant Robert W. Baker (appellant) as guarantors of the notes. The complaint alleged that appellant Baker had executed a continuing guaranty agreeing to guarantee up to $500,000.00 of the indebtedness of Tommy L. Goff, Inc. The action was dismissed as against all defendants except appellant Baker with the consent of the appellee. Following a hearing on appellee's motion for summary judgment pursuant to N.M.R. Civ. P. 56 [§ 21–1–1(56), N.M.S.A. 1953 (Repl.1970)], judgment was entered for appellee in the amount of $302,264.86, together with interest, costs and attorney fees. Appellant Baker appeals as to both the propriety of the entry of summary judgment against him and the amount of attorney fees awarded. This appeal presents a question of summary judgment procedure under Rule 56.

The second amended answer to the complaint denied generally the allegations of the complaint and raised twelve affirmative defenses. Appellant's affirmative defenses were brief statements of the following theories under which his liability as guarantor of the notes might be avoided: (1) fraud in the inducement; (2) failure of a condition precedent; (3) failure of consideration; (4) no actual reliance on the guaranty; (5) lack of consideration; (6) unconscionability of the guaranty; (7) fraud in the factum; (8) negligent extension of credit with consequent unenforceability of the guaranty; (9) alteration of the terms of the principal obligation with consequent discharge of appellant as guarantor; (10) failure to enforce certain security agreements with consequent discharge of appellant as guarantor; (11) premature acceleration of the principal obligation with consequent discharge of appellant as guarantor; (12) discharge of appellant as guarantor pursuant to terms of the guaranty itself. No factual amplification of any of these defenses was made in the answer.

Appellee's motion for summary judgment stated, generally, that there were no genuine issues of material fact and that all of the issues raised by appellant's answer were legal issues and not factual issues. Along with and in support of its motion the appellee filed an affidavit by its Vice President, stating the principal and interest due under the various notes, unanswered requests for admissions directed to appellant, the deposition of appellant and deposition testimony of a non-party. We may assume, for purposes of our discussion here, that these materials established the existence and amount of appellant's continuing guaranty on behalf of Tommy L. Goff, Inc. However, nothing contained in the affidavit or other materials submitted by appellee in support of its motion contravenes the allegations made in appellant's affirmative defenses. Appellant filed no affidavits or other extraneous materials in opposition to the motion and supporting materials filed by appellee.

Appellant now claims that the trial court erred in entering summary judgment for appellee because appellee failed to make a prima facie showing that it was entitled to judgment as a matter of law. *See Goodman v. Brock*, 83 N.M. 789, 498 P.2d 676 (1972). More specifically, appellant argues that appellee failed to carry its burden of demonstrating that no genuine issue of fact existed as to the twelve affirmative defenses raised by appellant in his second amended complaint. Appellee argues in response that having made a prima facie showing as to its own case in chief (appellant Baker's liability under the continuing guaranty signed by him) it was incumbent upon appellant to come forward, by affidavit or otherwise, and make a showing that genuine and material factual issues were raised by one or more of his affirmative defenses.

■ The precise issue presented is whether a party moving for summary judgment on the basis of its complaint must demonstrate that no genuine issue of material fact exists as to affirmative defenses stated in the opposing party's pleadings before summary judgment can properly be granted in his favor. We hold that under Rule 56(c) the moving party carries that burden, which appellee failed to meet in this case.

It is a familiar rule that summary judgment is a drastic remedy, to be used with great caution, and never as a substitute for a trial on the merits. *Pharmaseal Laboratories, Inc. v. Goffe*, 90 N.M. 753, 568 P.2d 589 (1977). Under this fundamental principle it has consistently been held that the burden rests upon the party moving for summary judgment to show that there is no genuine issue of material fact to submit to the court before summary judgment may properly be granted. *Southern Union Gas Co. v. Briner Rust Proofing Co.*, 65 N.M. 32, 331 P.2d 531 (1958). So long as one issue of material fact remains, summary judgment may not properly be granted. *Pharmaseal Laboratories, Inc. v. Goffe, supra.*

We have additionally recognized that the burden on the movant "does not require him to show or demonstrate beyond all possibility that no genuine issue of fact exists." *Goodman v. Brock*, 83 N.M. 789, 793, 498 P.2d 676, 680 (1972). Rather, once the movant has made a prima facie showing that it is entitled to summary judgment, the burden shifts to the party opposing the motion to show that a genuine issue as to a material fact remains. *Goodman v. Brock, supra.* In meeting this burden, the opponent cannot rely solely on allegations in the pleadings. *Hately v. Hamilton*, 81 N.M. 774, 473 P.2d 913 (Ct.App.1970), *cert. denied*, 81 N.M. 773, 473 P.2d 912 (1970); *Rekart v. Safeway Stores, Inc.*, 81 N.M. 491, 468 P.2d 892 (Ct.App.1970). This burden is contemplated and imposed by Rule 56(e). *Goodman v. Brock, supra.*

The operation of these basic procedural rules is no different when, as here, a plaintiff moves for summary judgment on the theory stated in its complaint but defendant has interposed one or more affirmative defenses. A leading commentator has observed:

> Since one good defense will defeat recovery on a claim, where a defendant pleads both a sufficient negative and an affirmative defense, plaintiff is entitled to summary judgment only in the event that there is no genuine issue of material fact as to both the negative and affirmative defenses and he is entitled to judgment as a matter of law. When these conditions are satisfied, summary judgment may properly go for the plaintiff; otherwise not. Where the defendant's defenses are limited to one or more affirmative defenses and there is no triable issue of fact as to *any* of the affirmative defenses, or they are all legally insufficient, then the case is ripe for summary adjudication in accordance with applicable principles of substantive law. If, on the other hand, there is a triable issue of fact as to any *one* or more legally sufficient affirmative defenses, the plaintiff would not be entitled to summary judgment. . . .

6 Moore's Federal Practice (Part 2) ¶ 56.-17[4] at 56–735, 736 (2d ed. 1976).

Under the rules reviewed by us above, the appellee Bank had the burden of making a prima facie showing that no genuine issue of material fact existed in the case, and that it was therefore entitled to judgment as a matter of law. Appellee's burden cannot be discharged unless the record upon which it moved reflected the lack of a genuine issue of material fact. The record falls short in this regard. The record is silent as to any effort whatever to contravene appellant Baker's averment of affirmative defenses with respect to liability under the continuing guaranty. It was appellee's obligation to produce the necessary affidavits or other material to expose appellant's affirmative defenses as unmerited. *Jacobson v. Maryland Casualty Co.*, 336 F.2d 72 (8th Cir. 1964), *cert. denied*, 379 U.S. 964, 85 S.Ct. 655, 13 L.Ed.2d 558 (1965). This obligation is no different than the original obligation on a movant for summary judgment, namely, that it does not require him to show or demonstrate beyond all possibility that no genuine issue of fact exists. It is enough if the movant submits some material in order to shift the burden to the other party.

We recognize the existence of New Mexico case law which seems to point to a result contrary to that reached by us here. In *Kassel v. Anderson*, 84 N.M. 697, 507 P.2d 444 (Ct.App.1973), plaintiffs brought a statutory action for unlawful detainer. The

defendant's amended answer asserted various affirmative defenses, and on appeal defendants contended that "the refusal of the trial court to permit the defenses set out in the tenant's amended answer which obviously raised all kinds of factual issues, was error." The Court of Appeals concluded that once plaintiffs had made a prima facie showing entitling them to summary judgment under the elements of the statute governing the action, defendants had the burden of demonstrating the existence of a genuine issue of material fact. The Court of Appeals declared:

> The fact that affirmative defenses have been pleaded is no more than a bare contention that factual issues exist concerning those defenses. Such a bare contention is insufficient to defeat the motion for summary judgment.

*Id.* at 699, 507 P.2d at 446. This view is clearly in conflict with the rule announced by us in this opinion, and to that extent *Kassel v. Anderson, supra,* is hereby overruled.

Appellee contends that the rule adopted by us in this opinion will work hardship because a defendant's alleged affirmative defenses "must be based in fact, and usually only the defendant has the particular knowledge to support those affirmative defenses." Rule 56(c), which permits the trial court to consider "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," clearly contemplates the pretrial discovery mechanisms by which spurious or sham defenses may be exposed as such.

We hold that appellee, having failed to supply the trial court with an affidavit or other supporting material sufficient to contravene in any way the affirmative defenses raised by appellant in his second amended complaint, has failed to meet the burden imposed upon it, as movant, by Rule 56.

The trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

SOSA and PAYNE, JJ., concur.