697 P.2d 128

**ALBUQUERQUE TIRE COMPANY, INC., a New Mexico corporation, John Robert Baines and Patricia Ann Baines, husband and wife, Plaintiffs-Appellants,**

v.

**MOUNTAIN STATES TELEPHONE AND TELEGRAPH COMPANY, a Colorado corporation, Defendant-Appellee.**

**No. 15535.**

Supreme Court of New Mexico.

March 21, 1985.

Martin & Hilton, Robert S. Hilton, Albuquerque, for plaintiffs-appellants.

H. Perry Ryon, Albuquerque, for defendant-appellee.

## OPINION

RIORDAN, Justice.

Plaintiff Albuquerque Tire Company, Inc. (Albuquerque Tire) brought suit to recover damages arising out of Mountain States Telephone & Telegraph Company's (Mountain States) failure to comply with the terms of a contract between the parties regarding the publication of an advertisement and telephone number in the Yellow Pages Directory published by Mountain States. Mountain States subsequently moved for summary judgment, and the trial court granted its motion. Albuquerque Tire appeals. We affirm.

**Facts.**

Albuquerque Tire is a retail and wholesale tire business. In connection with the operation of the business, John Robert Baines (Baines), President of Albuquerque Tire, signed contracts for advertising in the Yellow Pages Directory every year from 1967 through 1981. On March 20, 1981, a Mountain States representative met with Baines and took his order for advertising for the 1981 Yellow Pages Directory. Baines then signed a contract for the advertising. The contract provided for twelve different listings and/or advertisements to appear in the directory under various headings. Upon publication of the 1981 Yellow Pages Directory, it was discovered that Albuquerque Tire's telephone number appeared incorrectly in the largest of the advertisements ordered by Albuquerque Tire.

Later, it was found that the incorrect telephone number listed in the Albuquerque Tire ad was that of a U-Haul business in Albuquerque. Mountain States offered to set up an intercept system whereby anyone calling the incorrect number contained in the Albuquerque Tire ad would be asked whether they were calling U-Haul or Albuquerque Tire, and then they would be given the correct telephone number. However, in order to do this, it would have been necessary to change U-Haul's telephone number, and U-Haul refused to accept a number change. In a further effort to minimize damages sustained by Albuquerque Tire, Mountain States paid U-Haul $2,500 as compensation for referring Albuquerque Tire callers to the correct telephone number for Albuquerque Tire. However, dissatisfied with the results from this solution, Albuquerque Tire chose to sue for breach of contract.

The contract signed by Baines for Albuquerque Tire in March of 1981 contained a provision limiting Mountain States' liability for any errors in publication. This provision reads:

LIMITATION OF LIABILITY. In case of error in the advertisement as published or in case of the omission of all or any part of the advertisement from publication, THE TELEPHONE COMPANY'S LIABILITY, IF ANY, SHALL BE LIMITED TO A PRO RATA ABATEMENT OF THE CHARGE PAID TO THE TELEPHONE COMPANY FOR SUCH ADVERTISEMENT IN THE SAME

PROPORTION THAT THE ERROR OR OMISSION REDUCES, IF AT ALL, THE VALUE OF THE ENTIRE ADVERTISEMENT, BUT IN NO EVENT SHALL SUCH LIABILITY EXCEED THE AMOUNT PAYABLE TO THE TELEPHONE COMPANY FOR SAID ADVERTISEMENT during the service life of the directory in which the error or omission occurs.

The cost for the incorrect advertisement was $384.30 per month, plus tax. An adjustment was made so that Albuquerque Tire did not pay anything for the incorrect ad.

Issues.

I. Whether the trial court erred in granting summary judgment in that a genuine issue of material fact existed as to whether Mountain States' error regarding this advertisement resulted from gross negligence or simply ordinary negligence.

II. Whether the trial court erred in granting summary judgment in that a genuine issue of material fact exists as to whether the limitation of liability clause contained in the contract is against public policy.

III. Whether the trial court erred in granting summary judgment in that a genuine issue of material fact exists regarding whether the contract entered into between Mountain States and Albuquerque Tire is an adhesion contract.

## I. Ordinary vs. Gross Negligence.

■ Albuquerque Tire argues that the trial court erred in granting summary judgment for Mountain States regarding the issue of whether the advertisement error was the result of ordinary or gross negligence. We disagree.

In opposing Mountain States' motion for summary· judgment, Albuquerque Tire failed to cite any facts or evidence in support of its contention that Mountain States was grossly negligent. Instead, Albuquer-que Tire merely relied upon the bare allegation of gross negligence contained in their complaint.

■ A party opposing a motion for summary judgment cannot defeat that motion by the mere contention that an issue of fact exists but, rather, must show that evidence is available to justify a trial of the issue. *Rekart v. Safeway Stores, Inc.,* 81 N.M. 491, 468 P.2d 892 (Ct.App.1970). This Albuquerque Tire failed to do, and therefore the trial court properly granted Mountain States' motion for summary judgment.

## II. Public Policy.

Albuquerque Tire asserts on appeal that Mountain States has a public duty to provide yellow page advertising. Albuquerque Tire further asserts that Mountain States, in limiting its liability for negligence in performance of its public duty to provide yellow page advertising, is in contravention of public policy.

■ It is the general rule that a public utility "cannot validly contract against its liability for negligence *in the performance of a duty of public service,* since such stipulation would be in contravention of public policy." *Southwestern Public Service Co. v. Artesia Alfalfa Growers' Association,* 67 N.M. 108, 122, 353 P.2d 62, 71 (1960) (emphasis added). However, this Court has previously implied that yellow page advertising is *not* a part of Mountain States' essential duty of providing telephone communications service. *In re Rates and Charges of Mountain States Telephone & Telegraph Co.,* 99 N.M. 1, 6, 653 P.2d 501, 506 (1982). In that case, it was determined that the Corporation Commission could consider revenues, expenses, and investments from yellow page advertising of the telephone company (even though the telephone company handles yellow page advertising as a separate business) in fixing rates. However, it was also intimated in that case that yellow page advertising was a nonessential service and was unnecessary to providing the essential service of

telephone communications. The Court stated:

> The 1972 opinion expressed concern that if yellow page revenues or losses were considered the telephone customers might suffer for losses incurred by the telephone company "from some business which is not essential to the service for which they have subscribed and for which they are paying." The proper protection against such an event is the Commission's power to disallow expenditures which are wasteful or imprudent * * *. Expenditures made for *unnecessary* services which result in a loss could be disallowed as wasteful and imprudent. The Commission has the authority to prevent Mountain Bell from using its customers' money in unnecessary and unprofitable ventures. *But to the extent that Mountain Bell provides non-essential but profitable services* which are "used and useful," the Commission must consider the related earnings, investment and expenditure as required by Article XI, Section 7.

*Id.* (quoting *Corporation Commission v. Mountain States Telephone & Telegraph Co.*, 84 N.M. 298, 302, 502 P.2d 401, 405 (1972)) (emphasis added). Thus, although it can be argued that white page directory service is necessary to providing adequate telephone service, there is no basis for claiming that yellow page advertising is essential to providing telephone service to customers.

## III. Adhesion Contract.

As the third point on appeal, Albuquerque Tire asserts that the contract it entered into with Mountain States is an adhesion contract and therefore unenforceable. The trial court decided that there was insufficient evidence to raise a factual issue on the question of whether this is a contract of adhesion. The record supports the trial court's finding.

A contract of adhesion has been defined as:

> ■ [A] standardized contract prepared entirely by one party to the transaction for the acceptance of the other;

[2.] such a contract, due to the disparity in bargaining power between the draftsman and the second party, must be accepted or rejected by the second party on a "take it or leave it" basis, *without opportunity for bargaining* and under such conditions that the "adherer" cannot obtain the desired product or service save by acquiescing in the form agreement.

*Steven v. Fidelity and Casualty Co. of New York*, 58 Cal.2d 862, 882, 27 Cal.Rptr. 172, 185, 377 P.2d 284, 297 (1962) (emphasis added). The contract which Albuquerque Tire entered into with Mountain States was a standardized form contract prepared by Mountain States for the acceptance of Albuquerque Tire. Thus, the first criterion for finding an adhesion contract has been met.

■ As to the second criterion necessary for finding the existence of an adhesion contract, we determine that there exists the necessary disparity in bargaining power between Mountain States and Albuquerque Tire. It has been suggested in McCall, *Due Process and Consumer Protection: Concepts and Realities in Procedure and Substance—Repossession and Adhesion Contract Issues*, 26 Hastings Law Journal 383, 412–13 (1974), that the disparity test can be satisfied:

> by a showing that the weaker party virtually could not avoid doing business under the particular * * * contract terms. *Such would be the case either when the dominant contracting party has monopolized the relevant geographic or product market* or when all of the competitors of the dominant party use essentially the same contract terms. (Emphasis added.)

We believe that this is the proper standard for determining whether a disparity in bargaining power exists under contracts such as the one at issue here.

■ It has been recognized in New Mexico that the distribution of yellow page advertising is a "unique privilege * * * not awarded on a competitive basis." *In re Rates and Charges of Mountain States*

*Telephone & Telegraph Co.,* 99 N.M. at 5, 653 P.2d at 505. Essentially, Mountain States has been awarded a monopoly of the yellow page market. Thus, Albuquerque Tire (if they wanted yellow page advertising) could not have avoided doing business with Mountain States. In this sense, the element of disparity in bargaining power exists. However, Albuquerque Tire's claim of an adhesion contract must fail because there is no evidence that Albuquerque Tire did not have an opportunity to negotiate the terms of this contract. The record is silent as to whether this contract form was the only one ever allowed by Mountain States for yellow page advertising; whether Mountain States ever afforded its yellow page customers an opportunity to negotiate contract terms; or whether Albuquerque Tire ever attempted and failed to negotiate the terms of its contract with Mountain States. In summary, the record on appeal fails to provide this Court with any indication that Albuquerque Tire was without opportunity for negotiating the terms of this contract and was thereby forced to accept it on a "take it or leave it" basis. Indeed, the trial court so found when it stated:

> Although generally speaking my sympathies may be to invalidate the limited liability provision, I'm not satisfied based on the argument of counsel that the record is sufficient for the Court to rule that this is an adhesion contract, although it very well may be.

It was Albuquerque Tire's obligation, in opposing Mountain States' motion for summary judgment, to show that a genuine issue of fact existed. *Fidelity National Bank v. Tommy L. Goff, Inc.,* 92 N.M. 106, 583 P.2d 470 (1978). This it failed to do. Therefore, the trial court's judgment granting Mountain States' motion for summary judgment is affirmed.

IT IS SO ORDERED.

STOWERS and WALTERS, JJ., concur.

FEDERICI, C.J., dissenting without opinion.

SOSA, Senior Justice, dissenting without opinion.