753 P.2d 350

**TRANSAMERICA INSURANCE COMPANY, Plaintiff–Appellee,**

v.

**Emil SYDOW, Defendant–Appellant.**

**No. 16750.**

Supreme Court of New Mexico.

April 21, 1988.

Toulouse, Toulouse & Garcia, James R. Toulouse, Randy M. Autio, Albuquerque, for appellant.

Gallagher & Casados, Todd E. Farkas, Nathan H. Mann, Albuquerque, for plaintiff-appellee.

## OPINION

SCARBOROUGH, Chief Justice.

Transamerica Insurance Company brought suit against Emil Sydow for reimbursement of worker's compensation benefits paid to Sydow. Transamerica moved for summary judgment. The court granted the motion and Sydow appeals. We affirm.

Many of the facts of this case are set out in a prior appeal. *See Transamerica Ins. Co. v. Sydow,* 97 N.M. 51, 636 P.2d 322 (Ct.App.1981). We summarize here only those facts that are relevant to this appeal. Sydow was injured at work and filed for worker's compensation benefits. He received benefits for his injury from his employer's insurance carrier, Transamerica. Sydow received several payments from Transamerica and then settled his worker's compensation claim. Later, Sydow pursued a malpractice claim against Dr. Joseph F. Hollinger, the physician who treated him for work-related injuries. The malpractice claim was also settled. Transamerica then filed a claim against Sydow to recover those amounts Transamerica paid Sydow that were not caused by the work-related injury, but were caused by Dr. Hollinger's malpractice in treating Sydow.

The issue before this Court is whether Transamerica was entitled to summary judgment.

Sydow correctly argues that the plaintiff, when moving for summary judgment, has the burden to rebut the defendant's affirmative defenses. *Fidelity Nat'l Bank v. Goff,* 92 N.M. 106, 583 P.2d 470 (1978). Sydow argues that, in moving for

summary judgment, Transamerica failed to meet its burden by not disproving Sydow's affirmative defense of accord and satisfaction. We conclude Sydow's defense of accord and satisfaction is without merit. Transamerica settled the worker's compensation claim with Sydow. In New Mexico, a worker who is eligible for worker's compensation benefits, and who has been subsequently injured by a third party, can elect to recover worker's compensation benefits from his employer for that portion of the injury for which the employer is liable and also from the third party for that party's portion of the injury, or the worker can recover the entire amount from the employer. When the worker recovers the entire amount from the employer, he has assigned to his employer the right to further recover from third parties for the same injury. *See Transamerica,* 97 N.M. at 53, 636 P.2d at 324. Here, Sydow pursued, settled, and received compensation from his employer for the separate malpractice action. In the malpractice action, Sydow's attorney induced Transamerica to refrain from formally intervening and specifically agreed, in exchange for Transamerica's forebearance, to protect any rights of reimbursement Transamerica might have against Sydow. Sydow's attorney refused to live up to his part of the agreement and Transamerica brought this suit against Sydow seeking reimbursement of money it had expended on his behalf. The claim has not been settled, nor have any offers been made or accepted in settlement. There are no facts in the record before us to support the defense of accord and satisfaction. The defense being totally without merit, Transamerica was not obligated to put on proof beyond all reasonable doubt to make a prima facie case for summary judgment. *See Sparks v. Melmar Corp.,* 93 N.M. 201, 598 P.2d 1161 (1979); *Fidelity Nat'l Bank v. Tommy L. Goff, Inc.,* 92 N.M. 106, 583 P.2d 470 (1978). We hold that Transamerica met its burden of disproving the defense by presenting an affidavit showing Sydow had made no reimbursement. The burden then shifted to Sydow to show some issue of fact regarding the defense. As Sydow could not meet this burden, Transamerica was entitled to summary judgment.

Sydow also argues that the trial court improperly struck an affidavit offered by Sydow to oppose Transamerica's motion for summary judgment. The affidavit alleged that Dr. Hollinger did not commit malpractice in his treatment of Sydow. Sydow's attorney introduced the affidavit to raise the issue of malpractice at the hearing for summary judgment. Sydow's attorney was fully aware that the malpractice claim had been settled, and that Schultz's affidavit was prepared for Dr. Hollinger's defense against Sydow. Between Sydow and Transamerica, the issue was not whether malpractice occurred, but whether Sydow's settlement of the malpractice claim amounted to a double recovery. Sydow was therefore estopped from pursuing the malpractice issue in this fashion. We hold the court acted properly when it struck the affidavit.

Finally, Sydow argues that conflicting inferences could have been drawn from the facts presented by Transamerica in support of its motion for summary judgment, and therefore the court erred in granting the motion. We disagree. Sydow correctly states that summary judgment should not be granted when the basic facts are undisputed, but equally logical though conflicting inferences can be drawn therefrom. *Fischer v. Mascarenas,* 93 N.M. 199, 201, 598 P.2d 1159, 1161 (1979). We do not find this to be such a case. Once Transamerica made a prima facie case for summary judgment, Sydow failed to meet his burden by showing that genuine issues of fact remained to prevent the grant of summary judgment. Transamerica was entitled to summary judgment as a matter of law.

Because Transamerica was entitled to summary judgment as ordered by the trial court, we dismiss Sydow's appeal and reinstate the judgment of the trial court with costs of the appeal to Transamerica.

IT IS SO ORDERED.

SOSA, Senior Justice, and STOWERS, J., concur.