This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**DISCOVER BANK,**

    Plaintiff-Appellee,

v.                                                                                    **NO. 34,589**

**MAURIZIO DIMAURO,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**C. Shannon Bacon, District Judge**

Guglielmo & Associates
Elizabeth V. Friedenstein
Albuquerque, NM

for Appellee

Maurizio DiMauro
Albuquerque, NM

Pro Se Appellant

## MEMORANDUM OPINION

**VIGIL, Chief Judge.**

{1}    Defendant appeals from the district court's granting of summary judgment in favor of Plaintiff. This Court issued a calendar notice proposing summary affirmance.

Defendant has filed a memorandum in opposition to this Court's notice of proposed disposition, which we have duly considered. Unpersuaded, we affirm.

{2}     In our calendar notice, we proposed to hold that Plaintiff presented sufficient evidence to make a prima facie showing that Defendant owed Plaintiff money and that the burden then shifted to Defendant to demonstrate the existence of specific evidentiary facts that would require trial on the merits. [CN 5] *See Roth v. Thompson*, 1992-NMSC-011, ¶ 17, 113 N.M. 331, 825 P.2d 1241. Specifically, we noted that Plaintiff's motion for summary judgment relied on an affidavit asserting that Defendant has "not paid the amounts due and owing to [Plaintiff] on the account[,]" as well as on printouts of Defendant's credit card billing statements showing Defendant's name and address, and documentation that Defendant previously made payments on the account, both electronically and by personal check, prior to defaulting. [CN 4]

{3}     Defendant continues to assert that Plaintiff's evidence points to "an *impossible* sequence of events . . . by virtue of the dates borne on those documents[.]" [MIO 1] Defendant's argument is that the 2011 Cardmember Agreement presented by Plaintiff belies its contention that he was issued a card in 2008. [RP 222] We addressed this argument in detail in our calendar notice [CN 5-6], and we are not convinced that we erred. To the point, we noted that Plaintiff submitted the 2011 Cardmember Agreement as evidence of the agreement in place at the time the account was charged

off, not at the time of account creation. [CN 6] Therefore, we remain unconvinced that the documents contradict each other, despite Defendant's continued argument in favor of such a reading.

{4}     In our calendar notice, we proposed to conclude that Defendant had not met his burden in demonstrating the existence of a genuine issue of material fact. [CN 5-7] *See Schwartzman v. Schwartzman Packing Co.*, 1983-NMSC-010, ¶ 22, 99 N.M. 436, 659 P.2d 888 ("A party opposing a motion for summary judgment must make an affirmative showing by affidavit or other admissible evidence that there is a genuine issue of material fact once a prima facie showing is made by the movant."). Defendant did not file an affidavit or submit any evidence, aside from the argument that Plaintiff's evidence was self-contradictory, to otherwise demonstrate a genuine issue of fact. [CN 5] Therefore, given our analysis of Defendant's "impossibility" argument as laid out above and in our calendar notice, we are not convinced that we erred in determining that Defendant failed to meet his burden.

{5}     Defendant also continues to argue that Plaintiff's alleged non-compliance with the federal Truth in Lending Act (TILA), 15 U.S.C. §§ 1601-1693 (2006), bars Plaintiff from recovering in this case. [MIO 4-5] However, we noted in our calendar notice that Defendant had not provided this Court with authority to support a theory that non-compliance with TILA by a creditor bars collection on credit card debt after six years have passed since the alleged violation. [CN 8] In his memorandum of

3

opposition, Defendant relies on general citations to TILA and to cases that do not address this specific point of law. [MIO 3-4] "[C]ases are not authority for propositions not considered." *Fernandez v. Farmers Ins. Co. of Ariz.*, 1993-NMSC-035, ¶ 15, 115 N.M. 622, 857 P.2d 22 (internal quotation marks and citation omitted). Where a party cites no authority to support an argument, we may assume no such authority exists. *In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329. Thus, it does not appear that Defendant has satisfied his burden on appeal. *See Corona v. Corona*, 2014-NMCA-071, ¶ 26, 329 P.3d 701 ("The appellate court presumes that the district court is correct, and the burden is on the appellant to clearly demonstrate that the district court erred."). Consequently, we are not convinced that we erred in determining that Defendant's legally insufficient argument does not defeat summary judgment. [CN 8 (citing *Fidelity Nat'l Bank v. Tommy L.Goff, Inc.*, 1978-NMSC-074, ¶ 8, 92 N.M. 106, 583 P.2d 470)]

{6}     Finally, Defendant continues to argue that he did not have an opportunity to respond to Plaintiff's summary judgment motion because the district court decided the motion without a hearing. [MIO 5] We stated in our calendar notice that a review of the record proper suggests that Defendant had sufficient opportunity to respond, and indeed, did respond by filing a response to Plaintiff's summary judgment motion. [CN 9] Defendant now states that "[w]hile it is true that [he] was literally *allowed* to submit

written responses, there are three things which indicate that my written responses were ignored[.]" [MIO 5]

{7} Defendant first alleges that his written response to Plaintiff's summary judgment motion was ignored because the district court made a decision that went contrary to his position. [MIO 5] However, Defendant has not provided us with any authority to support his argument that simply because the district court ruled against him he did not have an adequate opportunity to respond or that his response was ignored. Where a party cites no authority to support an argument, we may assume no such authority exists. *In re Adoption of Doe*, 1984-NMSC-024, ¶ 2. Secondly, Defendant claims that the fact that the district court cancelled a previously scheduled hearing "suggests lack of professional behavior and . . . lack of proper judgment on the issues of the case[.]" [MIO 5] As we noted in our calendar notice, "[d]isposition of a motion for summary judgment, without oral argument, is appropriate when the opposing party has had an adequate opportunity to respond to movant's arguments through the briefing process." *Nat'l Excess Ins. Co. v. Bingham*, 1987-NMCA-109, ¶ 9,106 N.M. 325, 742 P.2d 537. [CN 9] Thus, without more, we are not convinced that the district court acted inappropriately. Lastly, Defendant argues that the district court's "posture and disposition suggested bias for the [P]laintiff[.]" [MIO 5] We note, however, that this argument was not raised in Defendant's docketing statement, and Defendant did not move to amend the docketing statement to add this issue. *See* Rule

12-208(F) NMRA (permitting the amendment of the docketing statement based upon good cause shown); *State v. Rael*, 1983-NMCA-081, ¶¶ 15-16, 100 N.M. 193, 668 P.2d 309 (setting out requirements for a successful motion to amend the docketing statement). To the extent that we might construe the addition of this argument as a motion to amend the docketing statement, Defendant has failed to demonstrate—through his one sentence reference to bias—that he meets the requirements for granting a motion to amend. Therefore, we are not convinced that we were incorrect in determining that the district court did not err by ruling on the summary judgment issue without first conducting a hearing.

**{8}** For these reasons, and those in our calendar notice, we affirm.

**{9}** **IT IS SO ORDERED.**

_____

**MICHAEL E. VIGIL, Chief Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**M. MONICA ZAMORA, Judge**