This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-37611**

**U.S. BANK NATIONAL ASSOCIATION, as Successor Trustee to BANK OF AMERICA, N.A. (Successor by Merger to Lasalle Bank N.A.), as Trustee on behalf of the Holders of the THORNBURG MORTGAGE SECURITIES TRUST 2006-6 MORTGAGE LOAN PASS-THROUGH CERTIFICATES, SERIES 2006-6,**

       Plaintiff-Appellee,

v.

**DARREN P. BRANCH,**

       Defendant-Appellant,

and

**GUADALUPE CREDIT UNION, THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK, as Successor Trustee to JP MORGAN CHASE BANK, N.A., as Trustee on Behalf of the CERTIFICATE HOLDERS OF THE CWHEQ INC., CWHEQ REVOLVING HOME EQUITY LOAN TRUST, SERIES 2005-H; NEW MEXICO DEPARTMENT OF TAXATION AND REVENUE; INTERNAL REVENUE SERVICE; JOHN AND JANE DOES (whose true names are unknown), Tenants,**

       Defendants.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Gregory Shaffer, District Judge**

Houser LLP
Lindsay K. Griffel

Solomon S. Krotzer
Albuquerque, NM

for Appellee

Durham, Pittard & Spalding, LLP
Caren I. Friedman
Santa Fe, NM

High Desert Lawyers, LLC
Eric N. Ortiz
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**HENDERSON, Judge.**

**{1}** This appeal is taken from the district court's entry of summary judgment in favor of Plaintiff U.S. Bank National Association in a foreclosure action against Defendant Darren Branch. Defendant maintains that disputes of material fact exist concerning Plaintiff's standing to bring suit against him and with regard to his equitable laches defense, thus rendering the district court's entry of summary judgment erroneous.[1] We affirm.[2]

## BACKGROUND

**{2}** In 2010, Plaintiff filed a complaint for foreclosure against Defendant. The parties stipulated to its dismissal without prejudice in December 2015. Later that month, Plaintiff filed a second complaint for foreclosure against Defendant. Plaintiff alleged that, in 2004, Defendant executed a promissory note (the Note) payable to Thornburg Mortgage Home Loans, Inc. (Thornburg) secured by a mortgage on real property in Santa Fe,

---

[1]Defendant also claims that the district court erroneously denied his motion to reconsider its summary judgment ruling. However, Defendant does not develop a separate argument on this issue apart from his contentions concerning the district court's summary judgment ruling. *See* Rule 12-318(A)(4) NMRA (explaining what is required in the brief in chief "with respect to *each issue presented*" (emphasis added)). Thus, we treat this as a single issue and address only the district court's entry of summary judgment.
[2]With his brief in chief, Defendant filed a motion asking us to take judicial notice of, or in the alternative, to supplement the record with, the docket in "a companion case." We held the motion in abeyance. Having considered the merits of Defendant's contentions on appeal, we are satisfied that we have adequately resolved them without looking outside the existing record, and therefore, deny Defendant's motion as moot at this juncture. We note too that, as part of this denial, we have considered Defendant's contention that the outcome of "a companion case" creates a dispute of material facts in the instant case. We are unaware of any precedent for this, and Defendant has not directed us to any. For these reasons, we do not consider Defendant's arguments in this regard any further. *See Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed.").

New Mexico. According to the complaint, Defendant ceased making payments in late 2009. Plaintiff attached a copy of the Note to the complaint, which showed an indorsement in blank from Thornburg, signed by Deutsche Bank National Trust Company (Deutsche Bank) "as Custodian," and "as Attorney in Fact" of Thornburg.

{3}     In his answer, Defendant raised lack of standing and laches as affirmative defenses. Defendant's answer also sought declaratory judgment as a counterclaim against Plaintiff premised on lack of standing, alleging that Plaintiff was not a holder of the Note in due course.

{4}     Plaintiff moved for summary judgment in May 2017, and attached two affidavits to its motion. The first affidavit was that of Plaintiff's loan servicer, Rebecka Mayoh. Ms. Mayoh stated that the Note was in Plaintiff's possession until December 17, 2013, when it was deposited with the district court. Ms. Mayoh further stated that the loan associated with the Note "was securitized and pooled with other loans," and the indorsement in blank signed by Deutsche Bank appeared on the Note at the time Plaintiff received it. The second affidavit was that of Thornburg's Chapter 11 Bankruptcy Trustee, Joel Sher. Mr. Sher stated that Thornburg filed for bankruptcy protection on May 1, 2009. Mr. Sher further "confirm[ed] the indorsement of the Note by Deutsche Bank on [Thornburg's] behalf" but refused to "tak[e] a position on" whether Deutsche Bank possessed authority to indorse the Note on behalf of Thornburg.

{5}     Defendant responded to Plaintiff's motion for summary judgment, and attached his own affidavit, wherein he claimed that since executing the Note, "numerous entities have represented . . . that they are entitled to enforce the Note . . . but no evidence has ever been provided . . . to establish any transfer by negotiation of the . . . [N]ote or subsequent holders of the [N]ote after Thornburg." Defendant also attached a number of exhibits, including letters indicating that Thornburg, or entities associated with Thornburg, still held the Note through June 10, 2010.

{6}     The district court did not hold a hearing on Plaintiff's motion for summary judgment and entered an order granting it on September 13, 2017. The district court found an absence of disputed material facts, particularly because "Defendant [did] not show[] . . . that Deutsche Bank was not entitled to indorse [the Note] on behalf of Thornburg." The district court also concluded that Plaintiff built "a prima facie case against Defendant's affirmative defense[] of laches," which Defendant failed to rebut because he "presented no facts to establish a dispute of material facts and did not present any legal arguments to sustain his affirmative defense[]."

{7}     Plaintiff moved for reconsideration of the district court's grant of summary judgment on November 20, 2017. Following a hearing, the district court denied the motion, concluding that summary judgment in favor of Plaintiff was not erroneously granted and that Defendant's equitable laches defense failed "as a matter of law" given the record was devoid of facts that would allow him to proceed with such a defense. This appeal followed.

**DISCUSSION**

**{8}** Defendant challenges Plaintiff's standing to enforce the Note, arguing that (1) Plaintiff was not entitled to a presumption that Deutsche Bank's signature on the Note is valid; and (2) summary judgment was granted in error because genuine issues of material fact remain regarding Plaintiff's standing and Defendant's equitable laches defense. After initially addressing the standard of review, we consider each in turn.

**A.      Standard of Review**[3]

**{9}** We review the district court's grant of summary judgment de novo. *Romero v. Philip Morris, Inc.*, 2010-NMSC-035, ¶ 7, 148 N.M. 713, 242 P.3d 280. Rule 1-056(C) NMRA provides that summary judgment is proper when "there is no genuine issue of material act and . . . the moving party if entitled to judgment as a matter of law." The moving party must make a prima facie case for summary judgment. *Romero,* 2010-NMSC-035, ¶ 10. A prima facie case is one with ample evidence "to raise a presumption of fact or establish the fact in question unless rebutted." *Id.* (internal quotation marks and citation omitted).

**{10}** If the moving party successfully makes a prima facie case for summary judgment, the resisting party must come forward with particularized facts in dispute, which must be tried on their merits. *Id.* Surface presentations or speculation regarding the existence of such facts does not suffice; rather, the resisting party "must adduce evidence to justify a trial on the issues." *Horne v. Los Alamos Nat'l Sec., L.L.C.*, 2013-NMSC-004, ¶ 15, 296 P.3d 478 (internal quotation marks and citation omitted). "[S]ummary judgment . . . shall be entered against" a resisting party who fails to adequately rebut the moving party's prima facie case. Rule 1-056(E).

**B.      The Indorsement Signature From Deutsche Bank is Presumptively Valid and Defendant Did Not Rebut That Presumption**

**{11}** Defendant first argues that the district court erroneously employed the presumption of validity to Deutsche Bank's signature on the blank indorsement, as set forth in NMSA 1978, Section 55-3-308(a) (1992):

> In an action with respect to an instrument, the authenticity of, and authority to make, each signature on the instrument is admitted unless specifically denied in the pleadings. If the validity of a signature is denied in the

---

3We acknowledge that the parties direct us to a number of standards of review. To the extent that Defendant notes that in *Bank of N.Y. v. Romero*, 2014-NMSC-007, ¶ 18, 320 P.3d 1, our Supreme Court reviewed the district court's factual findings pertaining to standing for substantial evidence, that standard is inapplicable here as *Romero* was decided based upon a trial having taken place. *See id.* Standing in this case is not predicated on any fact finding by the district court, but rather from presumptions rooted in statutes and precedent. Likewise, Plaintiff notes that we review the denial of a motion to reconsider for an abuse of discretion. That standard, however, relates only to the district court's resolution of that motion itself, not the underlying legal issue that Plaintiff challenges on appeal.

pleadings, the burden of establishing validity is on the person claiming validity, but the signature is presumed to be authentic and authorized.

Plaintiff argues that the presumption was properly employed because Defendant failed to produce evidence to the contrary. We agree with Plaintiff.

**{12}** The presumption created by Section 55-3-308(a) "remains intact unless evidence supporting the signature's invalidity is introduced." *Bank of N.Y. Mellon v. Luu*, 2019-NMCA-053, ¶ 21, 448 P.3d 625; *see also* § 55-3-308 cmt. 1 (explaining that the statute's presumption "means that until some evidence is introduced which would support a finding that the signature is forged or unauthorized, the plaintiff is not required to prove that it is valid"). A "presumed" fact must be found to exist by the trier of fact "unless and until evidence is introduced that supports a finding of its nonexistence." NMSA 1978, § 55-1-206 (2005).

**{13}** Here, the indorsement at issue is blank, from Thornburg, and signed by Deutsche Bank "as Custodian," and "as Attorney in Fact" of Thornburg. Our review of the record indicates that Defendant presented no evidence that the signature on the Note's blank indorsement was invalid or that Deutsche Bank lacked authority to sign the indorsement. Plaintiff directs us to his counterclaim, wherein he stated that "Deutsche Bank . . . was never custodian or attorney-in-fact for Thornburg." However, this is nothing more than an assertion; it is not evidence. *See Muse v. Muse*, 2009-NMCA-003, ¶ 51, 145 N.M. 451, 200 P.3d 104 (noting that "assertions . . . are not evidence"). Defendant further directs us to his discovery request "for attorney-in-fact documents . . . that would have established Deutsche Bank's authority to stamp the [N]ote" and argues that because he did not receive them, it is probable that no such documents exist. Again, this argument is not evidence. *See id.* Rather, it is a presentation of "speculation and inferences," which cannot be used to defeat the indorsement's presumption of validity. *Luu*, 2019-NMCA-053, ¶¶ 23, 27 (rejecting a defendant's claim that a note was fraudulently indorsed because, in the absence of actual evidence, the presumption of validity in Section 55-3-308(a) cannot be overcome). We therefore reject Defendant's contention that the district court erred by employing the presumption of authenticity to the indorsement and concluding that he failed to rebut that presumption.

## C. Plaintiff Built a Prima Facie Case for Summary Judgment Which Defendant Failed to Rebut

**{14}** Having established that the blank indorsement signed by Deutsche Bank is presumptively valid and that Defendant failed to rebut that presumption, we turn next to Defendant's contention that Plaintiff failed to establish a prima facie case for summary judgment because disputes of material fact exist concerning Deutsche Bank's ability to indorse the Note, and thus Plaintiff's standing to bring suit is in question. Plaintiff counters that it demonstrated standing, and Defendant did not rebut this demonstration with any evidence. Again, we agree with Plaintiff.

**{15}** The party initiating a foreclosure action must show that it had standing to sue at the time it filed its complaint. *PNC Mortg. v. Romero*, 2016-NMCA-064, ¶ 19, 377 P.3d 461. To do so, "the foreclosing party must demonstrate that it had the right to enforce the note and the right to foreclose the mortgage at the time the foreclosure suit was filed." *Id.* (alteration, internal quotation marks, and citation omitted). A party who holds a promissory note possesses the right of enforcement and foreclosure. *See* NMSA 1978, § 55-3-301 (1992). The "holder" of a note is "the person in possession of [the] negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." NMSA 1978, § 55-1-201(b)(21)(A) (2005). Third parties qualify as holders if they "prove both physical possession *and* the right to enforcement through either a proper indorsement or a transfer by negotiation." *Romero*, 2014-NMSC-007, ¶ 21. An indorsement in blank "does not identify a person to whom the instrument is payable but instead makes it payable to anyone who holds it as bearer paper." *Id.* ¶ 24. Parties who provide a promissory note indorsed in blank with their complaint are entitled to a presumption that they can enforce the terms of the note at the time the complaint is filed, and thus demonstrate standing. *Deutsche Bank Nat'l Tr. Co. v. Johnston*, 2016-NMSC-013, ¶ 25, 369 P.3d 1046.

**{16}** Here, Plaintiff provided a copy of the Note showing a presumptively valid blank indorsement with its complaint, and thus was entitled to a presumption of standing. *See Fed. Nat'l Mortg. Ass'n v. Trissell*, 2022-NMCA-001, ¶ 9, 503 P.3d 381, *cert. denied* (No. S-1-SC-38867, Dec. 22, 2021). Defendant's contentions regarding Plaintiff's standing concerned the lack of evidence of Deutsche Bank's entitlement to indorse the Note on Thornburg's behalf. Specifically, Defendant argues that there is no evidence that anyone other than Thornburg held the Note, and thus, the Note is not payable to Plaintiff as it does not legally hold the Note.

**{17}** Defendant offered nothing substantive to support his position that Deutsche Bank was not entitled to indorse the Note. Although Defendant claims that "there is evidence that the indorsement is not authorized," he has presented no such evidence. The only evidence Defendant presented to rebut the presumption of Plaintiff's standing was his own affidavit and the letters attached thereto. He directs us to his statement in his affidavit in which he claims that "numerous entities have represented to him that they are entitled to enforce the [N]ote." To support this statement, within the affidavit Defendant cites to his correspondence with various entities that confirm Thornburg, or entities associated with Thornburg, still held the Note as of June 10, 2010. We fail to see how this is evidence that Deutsche Bank acted without authority to indorse the Note. Indeed, as is true of his assertions regarding the authenticity of the indorsement, his assertions here are not evidence. *See Muse*, 2009-NMCA-003, ¶ 51.

**{18}** On the other hand, Plaintiff, with its motion for summary judgment, proffered the affidavit of Mr. Sher, Thornburg's Chapter 11 Bankruptcy Trustee, who stated that he was authorized to make the affidavit on behalf of Thornburg. Therein, Mr. Sher also refused to take a position on "whether Deutsche Bank had the authority to indorse the Note on [Thornburg's] behalf" but, acting on behalf of Thornburg, "confirm[ed] the indorsement of the Note by Deutsche Bank." Defendant takes issue with these

statements and the district court's reliance on them in granting summary judgment, and further complains that Mr. Sher lacked personal knowledge sufficient to author an affidavit. We reject these arguments. Defendant rests his position that Mr. Sher lacked personal knowledge of the subject matter contained in the affidavit solely on Mr. Sher's refusal to take a position on Deutsche Bank's authority to indorse the Note, but seems to concede that, as Thornburg's Bankruptcy Trustee, he had access to Thornburg's records. We do not believe this to be an adequate demonstration that Mr. Sher's affidavit should have been stricken from the record for want of personal knowledge. Again, while his refusal to take a position on Deutsche Bank's "authority to indorse the Note" discounts the weight of Mr. Sher's statement "confirm[ing] the indorsement of the Note by Deutsche Bank," we note that affidavits are not required in summary judgment proceedings, *see* Rule 1-056(C), and, in light of our conclusion that Plaintiff was entitled to a presumption of standing and that Defendant failed to present evidence concerning his position that Deutsche Bank lacked authorization to indorse the Note, the statements at issue play a negligible role here.

**{19}**  Defendant also alleges that an issue exists with regard to the loan number associated with the Note. In particular, Defendant takes issue with the statement in Ms. Mayoh's affidavit that the loan associated with the Note "was securitized and pooled with other loans" and various exhibits attached to the affidavit. Defendant states that "no evidence or exhibit identifies the loan at issue" by the number identified in the loan schedule corresponding to those loans securitized and pooled, and notes that in other exhibits attached to Ms. Mayoh's affidavit, including on the body of the Note, the loan is identified by a different number. Defendant's argument, without more, is meritless. Plaintiff has pointed to evidence that the loan number Defendant takes issue with appears next to identifiers specific to the loan associated with the Note in the loan schedule. Plaintiff also presented evidence explaining the different identification numbers for the loan associated with the Note, one of which is the number Defendant complains of. For all these reasons, we are satisfied that Plaintiff made a prima facie case for summary judgment, and that Defendant failed to demonstrate the existence of material facts necessitating a trial.

**{20}**  Finally, Defendant maintains the district court erroneously granted summary judgment because disputed facts remain concerning Defendant's equitable laches defense. In light of our holding in *Trissell*, decided while this case was pending, we reject Defendant's claim. We explain.

**{21}**  Defendant relies wholly on *Fidelity National Bank v. Tommy L. Goff, Inc.* (*Goff*), 1978-NMSC-074, ¶¶ 5, 8-9, 92 N.M. 106, 583 P.2d 470, for the proposition that Plaintiff, in its prima facie case for summary judgment, "was required to show that there was no genuine issue of material fact" as to the affirmative defense of laches. *Trissell*, 2022-NMCA-001, ¶ 10. In *Trissell*, this Court clarified that our precedent since *Goff* "put[s] the onus on the defendant opposing summary judgment with an affirmative defense to present factual support for the defense after the plaintiff has made a prima facie case on its claim alone." *Trissell*, 2022-NMCA-001, ¶ 12. Because we have concluded that Plaintiff established a prima facie case for summary judgment on its claim, our approach

is to inquire if the district court erred by concluding that Plaintiff's prima facie case below was "sufficient to meet Plaintiff's burden with respect to Defendant's affirmative defense[]" and that "Defendant presented no facts to establish a dispute of material facts and did not present any legal arguments to sustain his affirmative defense[]." *See id.* ¶¶ 18-19. We presume correctness in the district court's ruling, unless Defendant "affirmatively demonstrate[s] error." *Id.* ¶ 19 (internal quotation marks and citation omitted).

**{22}** In his answer, Defendant raised laches as an affirmative defense. At the same time it filed for summary judgment, Plaintiff also moved to dismiss this affirmative defense, arguing that it was insufficiently pled. In his response to Plaintiff's motion to dismiss, Defendant argued only that his equitable laches defense was "pled with enough particularity to put [Plaintiff] on notice of [its] potential applicability" and that the determination of whether or not it applied was "better made in the context of" the district court's ruling on summary judgment. However, in his response to Plaintiff's motion for summary judgment, Defendant offered no argument other than to state that Plaintiff did not "move[] for summary judgment on [Defendant's] affirmative defense[]" and to request an opportunity to address the issue in the context of a summary judgment motion, as his laches defense "would not be appropriately adjudicated in a . . . motion [to dismiss]." Defendant offered no legal bases for the assertions made in his responses. Given that Defendant did not demonstrate a genuine issue of material fact as to his equitable laches defense, and offered no legal argument to support his assertions with regard to the defense in the district court, we cannot conclude that the district court acted in error by granting summary judgment in this respect.

## CONCLUSION

**{23}** We affirm the district court's entry of summary judgment in favor of Plaintiff.

**{24} IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**KRISTINA BOGARDUS, Judge**