**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2009-NMCA-009**

**Filing Date:  December 15, 2008**

**Docket No. 27,374**

**SALOMON MONTANO,**

     **Petitioner-Appellee,**

**v.**

**NEW MEXICO REAL ESTATE APPRAISER'S BOARD,
REGULATION AND LICENSING DEPARTMENT,**

     **Respondent-Appellant.**


**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY
William A. Sanchez, District Judge**


Tibo J. Chavez, Jr.
Belen, NM

for Appellee

Gary K. King, Attorney General
Corliss Thalley, Assistant Attorney General
Santa Fe, NM

for Appellant

**OPINION**

**KENNEDY, Judge.**

**{1}**     This case arises from an administrative appeal of the decision of the New Mexico Real Estate Appraiser's Board (the Board) to suspend the license of Petitioner/Appellee (Licensee) for two years.  Licensee appealed to the district court, which reversed.

**{2}**     The Board makes several arguments on appeal to this Court.  We aggregate the Board's arguments for convenience, as follows:  (1) the district court failed to limit its

1

review to the proper appellate standard of review and instead considered additional evidence; (2) a settlement agreement between the Board and Licensee, including its enforcement provisions, was a valid contract which the district court should have enforced; and (3) the Board's findings were supported by substantial evidence. Persuaded by the Board's arguments, we reverse and remand to the district court.

**FACTS AND PROCEDURAL HISTORY**

**{3}**     The Board is an administrative agency created pursuant to the Real Estate Appraisers Act (the Act), NMSA 1978, §§ 61-30-1 to -24 (1990, as amended through 2005) with the purpose of regulating persons who develop and communicate appraisals to the public. §§ 61-30-2(B), -4(A). The Board is vested with the responsibility of holding hearings to determine whether an appraiser has violated a provision of the Act. If so, the Board may suspend or revoke the appraiser's license. § 61-30-15.

**{4}**     Licensee is a licensed real estate appraiser, subject to the provisions of the Act. Licensee became the subject of a series of complaints, the substance of which is irrelevant to this case, prompting the Board to initiate disciplinary action in 2004. The parties entered into a settlement agreement (the Settlement Agreement) whereby Licensee would fulfill various requirements in exchange for probation. Licensee agreed, among other things, to a one-year probationary period during which he would pay costs and a penalty, successfully complete 42 approved hours of continuing education, and submit to monitoring for at least four hours per quarter.

**{5}**     The effective date of the Settlement Agreement was specifically identified in the agreement as the date upon which the Board approved the agreement. Although the Board approved the agreement on November 4, 2004, formal notice was not personally served upon Licensee. The Board relies upon evidence of Licensee's communications through his attorney and his behavior (in the form of partial compliance with provisions of the Settlement Agreement) to infer that Licensee had actual notice of the Board's approval no later than November 15, 2004. Additionally, the Board provided Licensee with a list of approved courses for continuing education and with the name of a monitor.

**{6}**     It is undisputed that Licensee failed in the eyes of the Board to fulfill his obligations under the Settlement Agreement prior to November 15, 2005, the deadline for compliance. Consequently, on November 21, 2005, the Board summarily suspended his license as per the Settlement Agreement, which states:

> [I]f the Board receives credible information that [Licensee] has violated . . . this Settlement Agreement, after it has been approved by the Board, the Board may summarily suspend [Licensee's] license pending a hearing which shall (a) be held at the earliest practicable date and (b) shall be conducted pursuant to the Uniform Licensing Act. If the Board finds that [Licensee] has violated this Settlement Agreement, the Board may revoke or suspend [Licensee's] license, impose a fine, and/or take any other disciplinary action described in the

2

Uniform Licensing Act.

A hearing was held on December 14, 2005, in front of a hearing officer, as per the Uniform Licensing Act, NMSA 1978, §§ 61-1-1 to -33 (1957, as amended through 2003).

**{7}** After considering the testimony and evidence, the Board suspended Licensee's license for two years. Licensee appealed to the district court, which reversed the Board's decision.

## STANDARD OF REVIEW

**{8}** The district court and this Court both sit as appellate courts in reviewing a decision of the Board. Accordingly, the same standard of review is applicable. We both review an administrative order to determine whether the order is arbitrary, capricious, or an abuse of discretion; not supported by substantial evidence in the record; or otherwise not in accordance with the law. *See* NMSA 1978, § 39-3-1.1(D) (1999); Rule 1-074(Q) NMRA; *Rio Grande Chapter of the Sierra Club v. N.M. Mining Comm'n*, 2003-NMSC-005, ¶ 17, 133 N.M. 97, 61 P.3d 806. A review of an administrative agency's decision is not a trial de novo. *Rio Grande Chapter of the Sierra Club*, 2003-NMSC-005, ¶ 17. We will not disturb the agency's factual findings if supported by substantial evidence, although we engage in a whole record review. *Herman v. Miners' Hosp.*, 111 N.M. 550, 552, 807 P.2d 734, 736 (1991). In our review of an agency's decision, we are limited to consideration only of the facts presented to the agency. *See Zamora v. Vill. of Ruidoso Downs*, 120 N.M. 778, 783, 907 P.2d 182, 187 (1995). We do not, however, defer to the agency's or district court's conclusions of law, which are reviewed de novo. *Rio Grande Chapter of the Sierra Club*, 2003-NMSC-005, ¶ 17.

**{9}** "'Substantial evidence' is evidence that a reasonable mind would regard as adequate to support a conclusion." *Regents of the Univ. of N.M. v. N.M. Fed'n of Teachers*, 1998-NMSC-020, ¶ 17, 125 N.M. 401, 962 P.2d 1236 (citation omitted). It is only "[i]f the agency's factual findings are not supported by substantial evidence, [that] the [reviewing] court may adopt its own findings and conclusions based upon the information in the agency's record." *Id.*

## THE BOARD'S DECISION

### The Settlement Agreement

**{10}** Licensee argues that the Board went outside of its authority when it issued its decision to "suspend [Licensee's] license" because nothing in the Board's findings indicates that Licensee committed any of the thirteen violations under Sections 61-30-15(A) and (B) that require such suspension. We hold, however, that Licensee waived this objection by voluntarily agreeing to the Board's authority in this matter.

**{11}** The Settlement Agreement permits the Board to determine whether Licensee violated the agreement and, if Licensee did violate the agreement, to revoke or suspend Licensee's

3

license, impose a fine, and/or take other disciplinary action described in the Uniform Licensing Act. Licensee therefore specifically agreed to the Board's authority and was represented by counsel when he did so.

**{12}** It is well settled law that this Court generally enforces settlement agreements. *See Envtl. Control, Inc. v. City of Santa Fe*, 2002-NMCA-003, ¶ 19, 131 N.M. 450, 38 P.3d 891; *Bd. of Educ. for the Carlsbad Mun. Sch. v. State Dep't of Pub. Educ.*, 1999-NMCA-156, ¶ 14, 128 N.M. 398, 993 P.2d 112. An agreement of settlement will not be set aside just because it later proves to have been unwise or unfortunate for one party to enter into the agreement. *Envtl. Control, Inc.*, 2002-NMCA-003, ¶ 19. Instead, we have consistently held that in negotiating a settlement contract, the parties are bound by its provisions and must accept both the burdens and benefits of the contract. *Cortez v. Cortez*, 2007-NMCA-154, ¶ 14, 143 N.M. 66, 172 P.3d 615, *cert. granted*, 2007-NMCERT-011, 143 N.M. 157, 173 P.3d 764. As we have pointed out,

> [o]ur duty is to enforce the terms of the contract which the parties made for themselves. Because of their favored status, there must be a compelling basis to set aside a settlement agreement. We will allow equity to interfere with enforcing clear contractual obligations only when well-defined equitable exceptions, such as unconscionability, mistake, fraud, or illegality justify deviation from the parties' contract.

*Id.* ¶ 14 (internal quotations marks and citations omitted).

**{13}** We have not been presented with any evidence in this case intimating that the Settlement Agreement falls within any exception to our policy of upholding these types of contracts. It appears that both parties negotiated in good faith, were represented by counsel, and received some benefit from entering into the agreement. We therefore accept the validity of the Settlement Agreement and hence the Board's authority to hold a hearing in this matter. We limit our discussion to the Board's decision, which was to suspend Licensee's license because Licensee violated the Settlement Agreement.

**The Board's Decision**

**{14}** At the hearing in December 2005, Licensee took the position that because he had not received notice of the Board's approval of the Settlement Agreement until January 2005, his one-year probationary period should have run through January 2006. By the end of either December 2005 or January 2006, Licensee appears to have made the requisite payments, obtained the necessary continuing education credits, and otherwise satisfied the terms of his probation. Accordingly, Licensee argued that he complied with the terms of the Settlement Agreement such that there was no basis for the suspension of his license.

**{15}** The hearing officer disagreed and held that the twelve months commenced no later than November 15, 2004. Licensee's compliance with the requirements of the Settlement Agreement would therefore have had to occur no later than November 15, 2005. As it was undisputed that Licensee failed to fulfill the requirements by November 15, 2005, the Board

found that Licensee failed to meet the requirements set out in the Settlement Agreement.

**THE DISTRICT COURT DECISION**

**{16}** At a January 2007 hearing prior to its decision, the district court permitted lengthy argument. Licensee argued political motivation and bias, failure of notice, inept monitoring, substantial compliance with payment, breach by the Board, compliance with course requirements, and constitutional protection for a license as property. The district court ultimately found that the Board had acted capriciously and unreasonably in suspending Licensee. It reversed the Board's decision suspending Licensee's license and further ordered Licensee to be removed from probationary status.

**{17}** This Court has long held that district courts engaged in administrative appeals are limited to the record created at the agency level. *See, e.g.*, *Zamora*, 120 N.M. at 782-83, 907 P.2d at 186-87 (observing that the scope of review in administrative appeals is generally limited to the record created before the agency, and rejecting an invitation to abandon or limit that principle); *Rowley v. Murray*, 106 N.M. 676, 679, 748 P.2d 973, 976 (Ct. App. 1987) (stating that, absent a specific statutory provision, the court is confined to the record made in the course of the administrative proceeding). If the record proves inadequate for some reason, remand is the appropriate avenue. *See Lewis v. City of Santa Fe*, 2005-NMCA-032, ¶ 20, 137 N.M. 152, 108 P.3d 558 ("[T]he district court is at liberty to remand for the purpose of creating a record that is adequate for review."). It is not appropriate for the district court itself to consider new evidence. *Martinez v. N.M. State Eng'r Office*, 2000-NMCA-074, ¶ 48, 129 N.M. 413, 9 P.3d 657.

**{18}** In this case, the district court appears to have inappropriately considered evidence beyond what was presented to the Board. At a minimum, this included evidence of Licensee's compliance efforts subsequent to the mid-November 2005 deadline and after the December 2005 hearing with regard to payment of fees. The district court's final judgment states:

> 2. Upon review of the Settlement Agreement it is fairly clear to the [district c]ourt, upon review of the record, that [Licensee] did comply to some extent.
>
> . . . .
>
> 7. [Licensee] has served out the terms of the Settlement Agreement by being on probation, he has paid the fees, he has complied with the course requirements, and he shall no longer be under any restriction or probationary status[.]

It is clear from the record, however, that Licensee had neither complied with the course requirements nor paid the fees in their entirety by November 15, 2005, or even by the commencement of the December 2005 hearing.

**{19}** While a letter from Licensee's counsel dated the day of the administrative hearing

5

informs the Board's chair of Licensee's intent to complete the requirements, the letter specifically states he would only actually complete the educational requirements after the commencement of the December 14, 2005, administrative hearing. The letter states that the courses Licensee proposed to enroll in would take place between December 17, 2005, and March 12, 2006, well after both the November 15 deadline and the December 14 suspension hearing.

**{20}** Moreover, while it appears that Licensee may eventually have taken the required number of course hours by the time of the January 2007 hearing in the district court, some hours may not have been approved by the Board as required by the Settlement Agreement. Nor had Licensee made payment of all the assessed fees by the time of the December 2005 hearing. The district court must therefore have considered evidence not previously before the Board when it concluded that Licensee had indeed completed all of the requirements in the Settlement Agreement. As previously discussed, such consideration of additional facts is improper where a district court engages in appellate review as in this case.

**{21}** Furthermore, even had the district court not considered new facts, it also failed to afford the proper deference to the Board's decision. Where a court addresses a question of fact determined by an agency, the agency decision is accorded deference, especially where the factual issue concerns matters in which the agency has specialized expertise. *Morningstar Water Users Ass'n v. N.M. Pub. Util. Comm'n*, 120 N.M. 579, 583, 904 P.2d 28, 32 (1995); *Pueblos of Picuris v. N.M. Energy, Minerals & Natural Res. Dep't*, 2001-NMCA-084, ¶ 21, 131 N.M. 166, 33 P.3d 916 (noting that courts defer to administrative review when the issues are fact-intensive or abstruse). The district court may not substitute its judgment for that of the agency; it must "evaluate whether the record supports the result reached, not whether a different result could have been reached." *N.M. State Bd. of Psychologist Exam'rs v. Land*, 2003-NMCA-034, ¶ 5, 133 N.M. 362, 62 P.3d 1244.

**{22}** While we may agree with the district court that the evidence suggests that Licensee at least partially complied with the Settlement Agreement, we also do not substitute our judgment for that of the Board. *See Herman*, 111 N.M. at 552, 807 P.2d at 736. Instead, we view the evidence in a light most favorable to the decision when reviewing agency factual determinations. *Muckey v. N.M. Dep't of Human Servs., Income Support Div.*, 102 N.M. 265, 268, 694 P.2d 521, 524 (Ct. App. 1985). Viewed in such a light, we do not agree with the district court that the Board's decision was capricious or unreasonable in this case. Sufficient evidence was presented such that the hearing officer could conclude that Licensee had violated the terms of the Settlement Agreement.

**{23}** The approach taken at the district court level therefore conflicts with well established principles of law in that it improperly considers additional evidence and fails to properly apply the substantial evidence standard.

**CONCLUSION**

**{24}** We reverse the district court's decision. Consequently, we need not consider additional issues at this time. We remand to the district court for proceedings in accordance

6

with this opinion and, at the district court's discretion, for further consideration of the other issues presented by Licensee, including notice and bias.

**{25}    IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**


_____
**CYNTHIA A. FRY, Judge**


_____
**MICHAEL E. VIGIL, Judge**



Topic Index for _Montano v. NM Real Estate Appraiser's Bd._, No. 27,374

| **AL** | **Administrative Law** |
| AL-AA | Administrative Appeal |
| AL-SE | Sufficiency of Evidence |
| AL-SR | Standard of Review |

| **AE** | **Appeal and Error** |
| AE-SB | Substantial or Sufficient Evidence |
| AE-SR | Standard of Review |

| **CP** | **Civil Procedure** |
| CP-SE | Settlement Agreement |

| **GV** | **Government** |
| GV-LC | Licensing |

| **MS** | **Miscellaneous Statutes** |
| MS-RA | Real Estate Appraisal Act |