ORFINGER, J.
 

 Armando Miranda, as personal representative of the Estate of Rafaela Miranda Perez, appeals an order granting a motion to compel arbitration of claims brought against Life Care Centers of America, Inc., the operator of a nursing home. The personal representative contends that the
 
 *742
 
 arbitration agreement entered into between Ms. Perez and Life Care is unenforceable as it is unconscionable, and because the designated arbitrator, the American Arbitration Association (“AAA”) no longer accepts the administration of health care claims involving pre-dispute arbitration agreements. We find no error and affirm.
 

 To invalidate an arbitration agreement under Florida law, a court must find that the contract is both procedurally and substantively unconscionable.
 
 Murphy v. Courtesy Ford, L.L.C.,
 
 944 So.2d 1131, 1134 (Fla. 3d DCA 2006). The party seeking to avoid the arbitration provision has the burden to establish unconscionability.
 
 Gainesville Health Care Ctr., Inc. v. Weston,
 
 857 So.2d 278, 288 (Fla. 1st DCA 2003). To determine whether a contract is procedurally unconscionable, a court must look to the manner in which the contract was entered into and consider factors such as “whether the complaining party had a realistic opportunity to bargain regarding the terms of the contract or whether the terms were merely presented on a ‘take-it- or-leave-it’ basis; and whether he or she had a reasonable opportunity to understand the terms of the contract.”
 
 Id.
 
 A party to a contract is not “permitted to avoid the consequences of a contract freely entered into simply because he or she elected not to read and understand its terms before executing it, or because, in retrospect, the bargain turns out to be disadvantageous.”
 
 Id.
 

 In the present case, the personal representative makes a convincing argument that the arbitration agreement is procedurally unconscionable, given the circumstances surrounding its execution. However, no argument is made regarding the agreement’s substantive unconscionability and consequently, the unconscionability argument must fail.
 

 The arbitration agreement provided, in pertinent part, that any dispute between the parties would be submitted to arbitration administered by AAA under its rules and procedures. At the hearing on the motion to compel arbitration, the parties agreed that as a result of a change in AAA’s policies concerning the resolution of health care disputes, AAA no longer accepts the administration of health care cases unless the agreement to arbitrate was entered into post-dispute. Because the agreement between Ms. Perez and Life Care was entered into pre-dis-pute, AAA will not administer the arbitration. While the personal representative contends that the refusal of AAA to administer the arbitration is fatal to the arbitration agreement, that argument was recently rejected in
 
 New Port Richey Medical Investors, LLC v. Stem ex rel. Petscher,
 
 14 So.3d 1084 (Fla. 2d DCA 2009). We fully agree with that opinion, which held:
 

 The Florida Arbitration Code specifically addresses the eventuality of the unavailability of the parties’ chosen arbitrator to conduct the arbitration. Section 682.04 provides:
 

 If an agreement or provision for arbitration subject to this law provides a method for the appointment of arbitrators or an umpire, this method shall be followed. In the absence thereof,
 
 or if the agreed method fails or for any reason cannot be followed,
 
 or if an arbitrator or umpire who has been appointed fails to act and his or her successor has not been duly appointed,
 
 the court, on application of [a] party to such agreement or provision shall appoint one or more arbitrators or an umpire.
 
 An arbitrator or umpire so appointed shall have like powers as if named or provided for in the agreement or provision.
 
 *743
 
 (Emphasis added.) Thus the parties’ arbitration agreement is not rendered invalid or unenforceable simply because the AAA is unavailable to conduct the arbitration. Instead, the circuit court must appoint another arbitrator or arbitrators.
 
 See Owens v. Nat’l Health Corp.,
 
 263 S.W.3d 876, 885-86 (Tenn.2007).
 
 But see Magnolia Healthcare, Inc. v. Barnes ex rel. Grigsby,
 
 994 So.2d 159, 161-62 (Miss.2008) (plurality opinion).
 

 Ms. Stern did not present any evidence in the circuit court that the choice of the AAA as the forum for any arbitration proceedings was an integral part of the agreement to arbitrate.
 
 See Brown v. ITT Consumer Fin. Corp.,
 
 211 F.3d 1217, 1222 (11th Cir.2000) (construing section 5 of the Federal Arbitration Act, 9 U.S.C. § 1 et seq. (2000)) (citing
 
 Zechman v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,
 
 742 F.Supp. 1359, 1364 (N.D.Ill.1990)). We also observe that the parties’ arbitration agreement contains a severability clause.
 

 Id.
 
 at 1087.
 

 For these reasons, we affirm the circuit court’s order compelling arbitration. Upon motion of either party, the trial court is authorized to appoint one or more arbitrators or an umpire as provided by section 682.04, Florida Statutes (2008).
 

 AFFIRMED.
 

 SAWAYA and JACOBUS, JJ., concur.