WECHSLER, Judge (dissenting). {26} Our Supreme Court has stated the “fundamental principle that arbitration is a matter of contract.” Rivera, 201 l-NMSC-033, ¶ 16 (internal quotation marks and citation omitted). To this end, “courts must place arbitration agreements on an equal footing with other contracts}.]” Id. (internal quotation marks and citation omitted). I therefore do not agree with shifting the burden to the party seeking to enforce an arbitration agreement to prove that an arbitration agreement is not unconscionable, because this position does not have a basis in well-established contract law. As a result, I respectfully dissent. {27} The majority correctly states that “[t]he party who seeks to compel arbitration has the burden of proof to establish the existence of a valid agreement to arbitration.” Majority Opinion ¶ 15. However, the cases cited by the majority indicate that this burden applies to contract formation issues, not to defenses by a party seeking to stop the enforcement of an otherwise valid contract. For example, in DeArmond, 2003-NMCA-148, ¶¶ 11-14, the issues addressed by this Court were whether a party to an arbitration agreement had knowledge of a change in his employment contract that included a mandatory arbitration clause and therefore accepted the modification and, alternatively, whether mutuality existed to form a binding contract. Corum, 2010-NMCA-105, ¶ 16, similarly addresses contract formation issues. In particular, the issue in Corum was whether the individual who entered into an arbitration agreement on behalf of a nursing home patient had statutory authority to enter into the agreement. Id. {28} Unconscionability, on the other hand, is an equitable doctrine that is a defense or “exception” to enforcing an otherwise valid contract. See Montano v. N.M. Real Estate Appraiser’s Bd., 2009-NMCA-009, ¶ 12, 145 N.M. 494, 200 P.3d 544 (“We will allow equity to interfere with enforcing clear contractual obligations only when well-defined equitable exceptions, such as unconscionability, mistake, fraud, or illegality justify deviation from the parties’ contract.” (internal quotation marks and citation omitted)); see also Fidelity Nat’l Bank v. Tommy L. Goff, Inc., 92 N.M. 106, 107, 583 P.2d 470, 471 (1978) (stating that the answer to a complaint contained the “affirmative defense” of unconscionability). Generally, a party seeking to set aside enforcement of a contract based on a defense or exception, such as unconscionability, has the burden of proof. See Mason v. Salomon, 62 N.M. 425, 429, 311 P.2d 652, 654 (1957) (holding that the party seeking to set a contract aside for fraud has the burden of proof); see also W. Commerce Bank v. Gillespie, 108 N.M. 535, 538, 775 P.2d 737, 740 (1989) (declining to shift the burden of persuasion to the party challenging a contract because the action was “a simple contract issue” requiring the court to determine whether the “making of the contract” satisfied the “conditionfs] precedent” as opposed to an action seeking to set aside a contract on a ground such as fraud, mistake, misrepresentation, or undue influence). Similarly, Farmington Police Officers Ass’n Commc’n Workers of Am. Local 7911 v. City of Farmington, 2006-NMCA-077, ¶ 16, 139 N.M. 750, 137 P.3d 1204, addressed the burden of proof in an arbitration case and concluded that the party seeking to enforce an arbitration clause in a collective bargaining agreement had the burden of persuasion as to whether the clause applied to the dispute. In Farmington Police Officers Ass’n, this Court stated that we believe that where the meaning of a material contract term is in dispute a party seeking affirmative relief based upon its interpretation necessarily bears the burden of establishing that its interpretation controls. This approach is consistent with the general default rule allocating the burden of persuasion in civil cases to the party who invokes the authority of a court to alter the extrajudicial status quo. Id. (citation omitted). {29} As the majority acknowledges, most courts that have addressed the issue have placed the burden on the party seeking to set aside an arbitration agreement on unconscionability grounds. Majority Opinion ¶ 17 n.l. Consistent with these other courts, this Court has recently clarified that the party challenging a provision of an arbitration agreement that banned class action claims on unconscionability grounds has the burden of proof. See Felts v. CLK Mgmt., Inc., 2011-NMCA-062, ¶¶ 34, 37, 149 N.M. 681, 254 P.3d 124, cert. granted, 2011-NMCERT-006, 150 N.M. 763, 266 P.3d 632 (Nos. 33,011 and 33,013, June 8, 2011). {30} The majority distinguishes Felts and cases from other jurisdictions because the cases involve “commercial transactions.” Majority Opinion ¶ 17. However, even cases in other jurisdictions specifically involving challenges to arbitration agreements in nursing home admission documents impose the burden of proof upon the party challenging the agreement. See, e.g., Briarcliff Nursing Home, Inc. v. Turcotte, 894 So. 2d 661, 665 (Ala. 2004) (“The burden of proving unconscionability of an arbitration agreement rests with the party challenging the agreement.” (internal quotation marks and citation omitted)); Estate of Perez v. Life Care Ctrs. of Am. Inc., 23 So. 3d 741, 742 (Fla. Dist. Ct. App. 2009) (“The party seeking to avoid the arbitration provision has the burden to establish unconscionability.”); Hayes v. Oakridge Home, 122 Ohio St. 3d 63, 2009-Ohio-2054, 908 N.E.2d 408, at ¶ 20 (“The party asserting unconscionability of a contract bears the burden of proving that the agreement is both procedurally and substantively unconscionable.”). {31} I also note that in Brown, 2011 WL 2611327, the West Virginia Supreme Court stated the policy considerations quoted in Paragraph 19 of the majority opinion as background to establish the context of the agreements in the case, rather than as the basis for its holding that mandatory arbitration clauses in nursing home admission documents adopted prior to the negligent incident at issue are unconscionable. West Virginia recognizes, as a matter of public policy, a “public service” exception to the enforcement of pre-injury contracts that either absolves a public service provider of liability for personal injuries or wrongful death or that allows a public service provider to escape public scrutiny in the courtroom. Id. Brown invalidated the arbitration agreements based on the public service exception because a nursing home is a public service provider and the arbitration agreements prevented the nursing homes from “courtroom scrutiny of their negligent conduct that caused a personal injury or wrongful death[.]” Id. {32} Although I share the majority’s concern that “individuals are often at their most vulnerable, emotionally or physically, or both” when seeking admission to a nursing home, I do not believe this concern justifies a sweeping exception to well-established law for nursing home patients that the majority creates. Majority Opinion ¶ 18. I would therefore treat an arbitration agreement signed by a patient as a condition for nursing home admission the same as any other arbitration agreement and would hold that, generally, a party seeking to set aside the arbitration agreement has the burden of proving that the arbitration agreement is unconscionable. A party’s vulnerability is a fact for the court to consider in determining the issue of procedural unconscionability. {33} Moreover, even assuming that there may be appropriate cases for a district court to shift the burden of proof to a party seeking to set aside an arbitration agreement when the facts of the case indicate that the party seeking to enforce the arbitration agreement would be in a better position to prove whether an arbitration agreement is unconscionable, this is not such a case. The district court found that upon admission to the nursing home on April 11, 2007, Plaintiff was confused as the result of pain medication, that she had ten minutes to complete forty minutes of paperwork during the admission process, and that she did not have her glasses. However, the district court further found that Plaintiff signed the arbitration agreement on April 10, 2007, before the transfer to the nursing home; and Plaintiff presented no testimony regarding her state of mind or condition on that date. Additionally, the district court stated that the “deciding factor” in determining that the arbitration agreement was not unconscionable was Plaintiffs understanding ofthe agreement at the time she signed it. Importantly, Plaintiff admitted that she understood that the arbitration agreement “significantly limited her rights,” even though she was medicated. Under these circumstances, the district court did not err in determining that Plaintiff had the burden to prove that the arbitration agreement was unconscionable, and I respectfully dissent. JAMES J. WECHSLER, Judge