This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**PURPLE LUPINE LLC.,**
**a New Mexico Limited**
**Liability Company,**

Plaintiff-Appellee,

v.                                                                              NO. 32,533

**SHERMAN & SHERMAN, PC.,**

Defendant-Appellant,

**and**

**CITY OF DEMING, a municipal**
**corporation of the State of New**
**Mexico, SOUTHWEST LOAN &**
**INVESTMENT CORP., SUNBELT**
**ANDERSON OIL COMPANY., a**
**Texas corporation, and MINNIE**
**LUJAN, if living, and if deceased,**
**Minnie Lujan's unknown heirs,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF LUNA COUNTY**
**Henry R. Quintero, District Judge**

Segal & Whittaker, LLP

Jeannette Martinez Whittaker

Albuquerque, NM

for Appellee

Jakub F. Sherman

Deming, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     Defendant, Sherman & Sherman, PC, appeals from the district court's order denying Defendant's motion to enforce a settlement reached by the parties. The district court denied Defendant's motion because Defendant "did not put the [district] court on notice of the purported settlement" before the district court entered an order dismissing Defendant's counterclaim. We conclude that the district court erred in refusing to consider and address Defendant's motion to enforce settlement. We thus reverse the district court's order denying Defendant's motion to enforce settlement and remand for consideration of the merits of Defendant's motion.

**BACKGROUND**

{2}     On August 31, 2011, Plaintiff, Purple Lupine, LLC, filed a complaint to quiet title and extinguish liens on several tracts of land located in Luna County, New Mexico. Defendant filed an answer and counterclaim, asserting it had a mortgage lien

on two of the tracts of land based on a mortgage document executed in 1979. Plaintiff filed a motion to dismiss Defendant's counterclaim based on the statute of limitations. Defendant filed a response in opposition to Plaintiff's motion; Plaintiff filed a reply; and Defendant filed a surreply. Before the district court ruled on the motion, the parties entered into settlement discussions.

{3}     On August 22, 2012, at 9:12 a.m., counsel for Defendant sent an email to counsel for Plaintiff stating, in pertinent part:

> Sherman & Sherman P.C. through their assignee Frederick Sherman would execute a full release on the Mortgage from Minnie Lujan, in exchange for the execution of a new Mortgage by your client in the amount of $4,500 at 6% interest, payable in 1 year upon sale. With the additional term that in the event that the property is not sold within 1 year, or the Mortgage is not paid off within 1 year, then a full interest payment is due annually until such time as the property is sold or the Mortgage is paid off in full.

Counsel for Plaintiff sent an email back at 10:29 a.m., stating:

> My client is agreeable to settling on the terms set out below. I will draft the Release of Mortgage, a new Mortgage, an Order of Dismissal of Counterclaim with Prejudice and a Stipulated and Default Quiet Title Judgment for Mr. Sherman's review and approval. If there is another document that should accompany these pleadings, I will let you know.

{4}     Defendant's counsel sent another email to Plaintiff's counsel on September 7, 2012, at 12:39 p.m., stating:

> If there is a settlement, it appears it has been abandoned as nothing has been done to complete it. I expect the delay is so interest doesn't begin to accrue. If you believe we have a settlement, I need the paperwork by

3

next Wednesday with interest starting the date you feel the settlement was complete.

Counsel for Plaintiff sent an email back at 3:29 p.m., stating, "We do have an agreement. I will do my best to get the paperwork to you on Monday but no later than Wednesday."

**{5}** On September 28, 2012, the district court issued an order dismissing Defendant's counterclaim, concluding it was time-barred. The district court issued an amended order on October 3, 2012.

**{6}** On October 4, 2012, Defendant filed a motion to enforce settlement, arguing that the parties had entered into a binding settlement agreement on August 22, 2012. Defendant relied upon the emails set forth above. Plaintiff filed a response in opposition to Defendant's motion. The district court held a hearing on October 26, 2012. At the hearing, counsel for Plaintiff argued that the settlement agreement was not binding because the attorneys had not reached an agreement on the issue of attorney fees and on the terms of the new mortgage.

**{7}** The district court stated it intended to deny Defendant's motion because it was not informed of the settlement negotiations. The court explained:

> I feel bound by the sequence of the orders that were entered in this case. The [c]ourt was not even given a hint that there were negotiations to settle this case, and had there been, perhaps that should have been brought before the [c]ourt before the [c]ourt's order dismissing the counterclaim.

4

And I think that once the dismissal of the counterclaim was entered in late September, then Mr. Sherman woke up and decided that he had an agreement he wanted to enforce but, by then, it's too late. He's bound by the sequence of the orders of dismissing the counterclaim.

I think either or both of you may have something to argue before the Court of Appeals but, as far as I was concerned, the case was closed when I dismissed the counterclaim.

**{8}** The district court entered an order denying Defendant's motion to enforce settlement solely on the basis that Defendant "did not put the court on notice of the purported settlement . . . prior to entry of the Order Granting Motion to Dismiss Counterclaim . . . ." The district court issued an amended order on November 26, 2012. The district court subsequently entered default judgment and final decree to quiet title, concluding Plaintiff is the owner in fee simple of the tracts of land at issue and Defendant is barred and estopped from having or claiming any lien upon, or right, title, or interest in the land.

**DISCUSSION**

**{9}** Defendant contends the district court erred in denying its motion to enforce settlement. The district court concluded that it was bound by the procedural history of this case—specifically, the fact that it entered an order dismissing Defendant's counterclaim before it was notified of the purported settlement agreement. The parties do not dispute the facts and the procedural history in this case, thus we are presented

5

with a question of law that will be reviewed de novo. *See Ponder v. State Farm Mut. Auto. Ins. Co.*, 2000-NMSC-033, ¶ 7, 129 N.M. 698, 12 P.3d 960 (applying a de novo standard of review to the district court's application of the law to the facts).

{10} New Mexico has a strong policy of favoring settlement agreements. *See Builders Contract Interiors, Inc. v. Hi-Lo Indus., Inc.*, 2006-NMCA-053, ¶ 7, 139 N.M. 508, 134 P.3d 795; *see also Navajo Tribe of Indians v. Hanosh Chevrolet-Buick, Inc.*, 1988-NMSC-010, ¶ 3, 106 N.M. 705, 749 P.2d 90 ("It is the policy of the law and of the State of New Mexico to favor settlement agreements."). Consistent with this policy, "this Court generally enforces settlement agreements." *Montano v. N.M. Real Estate Appraiser's Bd.*, 2009-NMCA-009, ¶ 12, 145 N.M. 494, 200 P.3d 544.

{11} Here, the district court did not consider whether the settlement agreement entered into by the parties was valid and enforceable. Instead, the district court concluded that review was not allowed because it was "bound by the sequence of the orders" that were entered in this case. Plaintiff does not cite any authority supporting this position regarding a priority of sequencing that overrides a valid settlement agreement. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 ("[Our appellate courts will] assume where arguments in briefs are unsupported by cited authority, counsel after diligent search, was unable to find any supporting authority."). The district court was simply unaware of the purported settlement before

6

its order addressing the motion to dismiss Defendant's counterclaim was entered. In light of the strong policy favoring settlement and absent any authority to the contrary, we conclude that the district court erred in refusing to consider Defendant's motion to enforce a settlement agreement.

{12}     On appeal, the parties make various arguments concerning the validity of the settlement agreement. Defendant contends the parties entered into a valid and enforceable settlement agreement while Plaintiff contends they entered into only a "non-binding agreement to agree." *See Jones v. United Minerals Corp.*, 1979-NMSC-103, ¶ 13, 93 N.M. 706, 604 P.2d 1240 (discussing whether the parties can be bound by a settlement depending upon various factors to be considered). We will not decide this unresolved issue in the first instance and we remand this matter to the district court for a proper consideration of the parties' evidence, arguments, and the entry of appropriate findings of fact and conclusions of law for further review.

**CONCLUSION**

{13}     For the reasons stated above, we reverse the district court's denial of Defendant's motion to enforce the alleged settlement and remand for the district court to address whether the settlement agreement allegedly entered into by the parties was valid and enforceable.

{14}     **IT IS SO ORDERED.**

_____

**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**LINDA M. VANZI, Judge**